SAN SABA COUNTY V. S. F. RAY ET AL.

No. 1285.

**County Judge as Superintendent of County Schools—Compensation.**—Action by county against county judge for money received of the school fund, as superintendent of public schools. In the findings of facts by the trial court, it did not appear that the money had been received under an alleged illegal order of the county commissioners as to compensation, or that the money was over and above, or in addition to the commissions allowed by law for his services as acting superintendent of public instruction. *Held,* the facts showed no cause of action.

APPEAL from San Saba. Tried below before Hon. W. M. ALLISON. The facts sufficiently appear in the opinion.

*P. M. Faver,* County Attorney, and *D. H. Meek,* for appellant.

*John T. Walters,* for appellee.

KEY, ASSOCIATE JUSTICE.—There is no statement of facts in this case. The suit is against Ray and the sureties on his official bond to recover $200 and interest for an alleged misapplication of $200 of the school fund by said Ray while holding the office of county judge.

The court's third finding is as follows: "That, as county judge, said Ray, from 1886 to 1892, performed the duties required for counties having no regular superintendent of public schools, and that during his first term of office, to wit, on August 11, 1887, the Commissioners Court of San Saba County passed the following order, as appears on the minutes of said court: 'By action of the court, it is decided that the county judge shall receive for visiting the schools of the county during the current scholastic year the sum of $100, to be paid out of the school fund.' And that from December 7, 1888, to September 16, 1890, under different orders of the court, defendant Ray received $200 out of the school fund belonging to San Saba County, Texas, and on the 10th day of May, 1893, this suit was filed in the Justice Court, precinct number 1, said county, to recover back said $200 and interest, being a suit on the official bond of said Ray and sureties, Moore and Beveridge, and was filed after more than two years had elapsed from date of last payment, on September 16, 1890."

This is the only thing in the record showing that Ray ever received any part of the school fund of San Saba County; and it will be observed that the trial court does not find that any part of the $200 so received was paid to him under the order of the Commissioners Court made August 11, 1887, or that it was over and above or in addition to the commissions allowed by law for his services as ex officio superintendent of public instruction.

In counties having no superintendent of public instruction, the county judge is allowed certain commissions upon the amount of school fund disbursed by the county treasurer, to be paid out of the county

school fund, upon the approval of his vouchers by the Commissioners Court (Sayles' Civ. Stats., article 3778); and there is nothing in this case to show that the $200 received by Ray was not legally owing and allowed to him under the statute referred to.    Hence, if it be conceded that the bond sued on was Ray's bond as ex officio superintendent of public instruction, and that an illegal appropriation by Ray of any part of the county's school fund would breach the bond, still, as the court's findings fail to show any breach, and as there is no statement of facts, the judgment for the defendants must be affirmed.

*Affirmed.*

Delivered May 8, 1895.